UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MICHAEL DEVEL WHITENER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CAUSE NO. 3:06-CV-291 RM |
| vs. | ) | |
| | ) | |
| EDWIN BUSS, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

Michael Devel Whitener, a *pro se* prisoner, filed this suit under 42 U.S.C. § 1983 against Edwin Buss, Kimbula Frierson, Daryl Walls, and Steven McCann in their individual capacities for monetary damages. Mr. Whitener alleges that on August 24, 2005, the ceiling of his cell collapsed on him and caused physical and emotional injury. He asserts that he had complained about the ceiling's condition and asks to be reassigned, but his requests were denied. He contends that the defendants failed to protect him in violation of the Eighth Amendment.[1]

Both sides seek summary judgment. The standard for reviewing a summary judgment motion is the same regardless of whether a party is represented by counsel. Outlaw v. Newkirk, 259 F.3d 833, 836-837 (7th Cir. 2001). Summary judgment is appropriate when "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled

---

[1] All other claims were dismissed in May 8, 2006 screening order (docket #4).

to judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding whether a genuine issue of material fact exists, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). No genuine issue of material fact exists when a rational trier of fact could not find for the nonmoving party even when the record as a whole is viewed in the light most favorable to the nonmoving party. Ritchie v. Glidden Co., 242 F.3d 713, 720 (7th Cir. 2001). "The mere existence of an alleged factual dispute will not defeat a summary judgment motion; instead, the non-movant must present definite, competent evidence in rebuttal." Butts v. Aurora Health Care, Inc., 387 F.3d 921, 924 (7th Cir. 2004). The party with the burden of proof on an issue must show that there is enough evidence to support a jury verdict in his favor. Lawrence v. Kenosha County, 391 F.3d 837, 842 (7th Cir. 2004); see also Johnson v. Cambridge Indus., Inc., 325 F.3d 892, 901 (7th Cir. 2003) ("summary judgment 'is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events") (quoting Schacht v. Wisconsin Dep't of Corr., 175 F.3d 497, 504 (7th Cir. 1999)).

Citing 42 U.S.C. § 1997e(a), the defendants contend that Mr. Whitener failed to exhaust his administrative remedies because he did not timely file his grievance. 42 U.S.C. § 1997e(a) provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such

2

administrative remedies as are available are exhausted." This statute means what it says: "A prisoner must properly use the prison's grievance process. If he or she fails to do so, the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) (citing Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002), which states that a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require).

Indiana State Prison Correctional Sergeant Karen Sabinske is in charge of responding to formal complaints and grievances filed by the offenders. In her affidavit, she testifies that submission of a complaint is the first step of the grievance process. She further testifies that

> [u]nder departmental rules, offender Whitener was required to file a complaint or grievance within 48 working hours (which does not include weekends or holidays) of the events to be grieved, although those time limits could be waived.

She also states that

> [i]n September 2005, I received a complaint (Step 1) from offender Michael Whitener, DOC 921535, in which the offender claimed that material from the ceiling of cell D East 412 had fallen on him...I investigated the matter and learned that offender Whitener had been moved from Cell D East 412 on August 23, 2005. I concluded that Mr. Whitener had filed the complaint at least nine days after the event he alleged...Because Mr. Whitener had not followed the DOC rule regarding time limits, I rejected his complaint and he was not permitted to pursue the matter further.

In his affidavit, Mr. Whitener states:

> 2. I am a inmate at Wabash Valley Correctional Facility. On August 24, 2005, I was injured due to the ceiling falling as set forth in my Complaint.

    3. On September 1, 2005, I filed a grievance to grieve the incident.

    4. On September 22, 2005, the grievance was rejected by grievance specialist as untimely. No appeals were permitted.

Mr. Whitener does not dispute that he did not file the grievance within the forty-eight hour time frame required by the administrative rules. Mr. Whitener's affidavit provides no justification for not complying with the time requirement established by the grievance system. Because Mr. Whitener has not articulated any justifications in his affidavit for his failure to timely file his grievance, there is no genuine issue of fact that Mr. Whitener did not exhaust his administrative remedies.

    For the foregoing reasons, the court GRANTS the defendants' motion for summary judgment (docket #31) and DENIES the plaintiff's motion for summary judgment (docket #36). The court DIRECTS the clerk to enter judgment in favor of all of the defendants and against the plaintiff.

    SO ORDERED.

    Dated this 22nd day of February, 2007.

                                   /s/ Robert L. Miller, Jr.
                                    Chief Judge
                                    United States District Court